UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X
JAMES FITZSIMMONS AND GERALD
ROURKE,

        Plaintiffs,

-against-

AVIS RENT A CAR SYSTEM, INC.; AVIS
SEPARATION ALLOWANCE PLAN;
RETIREMENT PLAN FOR EMPLOYEES AS
OF JUNE 30, 1985 OF AVIS RENT A CAR
SYSTEM, INC.; AVIS AMENDED
RETIREMENT EQUALIZATION BENEFIT
PLAN; and AVIS COMPREHENSIVE
HEALTH CARE PLAN/RETIREE HEALTH
CARE PLAN,

        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

**MEMORANDUM OPINION and ORDER**

02-CV-6448

PLATT, District Judge.

        Plaintiffs James Fitzsimmons and Gerald Rourke move this Court pursuant to Local Rule 50.3 for reconsideration of its February 14, 2006 Opinion on Defendants' motion to reconsider ("Opinion on Reconsideration"), which granted summary judgment to Defendant on Plaintiffs' third and fifth causes of action. For the following reasons, Plaintiffs' motion is hereby **DENIED**.

        The facts of this case have been discussed at length in this Court's original Order of September 21, 2005 ("First Opinion") and in its Opinion on Reconsideration. They need not be addressed again.

**DISCUSSION**

**I. Full and Fair Review**

Plaintiffs first argue that this Court failed to inquire as to whether the Pension Committee (or "the Committee") performed a "full and fair" review of Plaintiffs' benefits claims. (Pls.' Mot. Reconsid. at 3-5.) Plaintiffs contend that the review was neither full nor fair because (i) the benefit claim was reviewed by the same individuals initially and on appeal, (ii) the Committee relied on a summary report without reviewing underlying facts and documents, and (iii) Avis avoided making a significant payment out of its general assets by denying the benefit claim. (*Id.* at 4.)

We note that none of these arguments were raised by Plaintiffs in their original memorandum of law in opposition to Defendants' motion for summary judgment ("Plaintiffs' Memorandum in Opposition"). *See Mina Inv. Holdings Ltd. v. Lefkowitz*, 184 F.R.D. 245, 250 (S.D.N.Y. 1999) (holding that a party filing a motion for reconsideration may not advance new arguments not previously presented to the Court). Indeed, Plaintiffs' Memorandum in Opposition gives only a one-paragraph conclusory discussion concerning the procedural defects of the Committee's review.[1] (Pls.' Mem. Opp. at 10-11.)

Despite the Plaintiffs' limited discussion, this Court largely addressed the Committee's alleged procedural defects in its prior Opinions. The

---

[1] It should be noted that a separate section of Plaintiffs' Memorandum in Opposition discusses the Committee's conflicts of interest; however, both parties agree that this Court adequately addressed such conflicts in its prior Opinions.

First Opinion examined Plaintiffs arguments on "whether the Pension Committee acted independently and objectively when they reviewed the Plaintiffs' SARS[2] claim[,]" (*see First Opinion* at 14), and concluded that Plaintiffs "can point to no evidence that the Pension Committee was motivated by a desire other than the fair and equitable evaluation of benefit claims." *Id.* at 16; *see also Opinion on Reconsideration* at 7.

To the extent such arguments were not decided in this Court's previous opinions, they are hereby denied because the Committee's review process was not arbitrary and capricious. *See Crocco v. Xerox Corp*, 137 F.3d 105, 108 (2d Cir. 1998); *Neely v. Pension Trust Fund*, 2003 WL 21143087, at *9 (E.D.N.Y. Jan. 16, 2003) (citations omitted).

As noted above, Plaintiffs argue that the same individuals reviewed their benefits claim initially and on appeal. (Pls.' Mot. Reconsid. at 4.) This argument fails because the ERISA regulations in effect when Plaintiff brought her claim do not require review by different individuals. 29 C.F.R. § 2560.603-1 (1999); *see also Skretvedt v. E.I. Dupont de Nemours & Co.*, 268 F.3d 167, 175 (3d Cir. 2001); *Wade v. Life Ins. Co. of N. Am.*, 271 F. Supp. 2d 307, 323 (D. Me. 2003).

Second, Plaintiffs argue that the Committee's decision was arbitrary and capricious because it was based solely on a summary report. (Pls.' Mot. Reconsid. at 4.) This is untrue. The decision considered various documents

---

[2] All capitalized terms herein shall have the same meaning ascribed to them in the Court's previous opinions.

including the Pension Plan, the 1998 Amendment to the Plan, and the Plaintiffs' separation agreements and W2 forms. (Parker Aff., Exs. CC, EE.) Thus, Avis's procedure is clearly distinguishable from a review found arbitrary and capricious by the Second Circuit in *Miller v. United Welfare Fund*, 72 F.3d 1066, 1072 (2d Cir. 1995) in which an ERISA Plan Trustee appeared to base its decision on a three-sentence report.

Lastly, Plaintiffs argue that Avis made its decision only to avoid paying funds out of its general assets. (Pls.' Mot. Reconsid. at 4.) As Plaintiffs offer absolutely no credible evidence in support of this argument, this claim is hereby dismissed.[3]

## II. The Fifth Cause of Action

### A. *The SELTBP*

In their fifth cause of action, Plaintiffs requested that their SARS payments be included as pensionable compensation. This Court upheld the Committee's decision to exclude the SARS payments in part because these payments may have been authorized pursuant to a plan known as the SELTBP. *Opinion on Reconsideration* at 9-10. Payments made under the SELTBP were not considered "Compensation" under the Pension Plan. (*See* Parker Aff., Ex. D ¶ 1.13. (defining compensation).) Plaintiffs argue that this Court incorrectly

---

[3] Plaintiffs sole evidence on this point is a document prepared by Avis which essentially lists the costs the Company would incur if it included the 1996 SAR Payment in Plaintiffs' pensionable earnings. Such document does not imply, nor is there any evidence to suggest, that general assets would have been effected if the Pension Committee granted Plaintiffs' pension claims. (Parker Aff., Exs. D and E.)

4

justified its decision on the SELTBP because Defendants only mentioned this plan in its summary judgement motions, which are not contained in the administrative record. (Pls.' Mot. Reconsid. at 5-10.) However, Plaintiffs misstate the Court's analysis, which was based on the definition of "Compensation" available in the administrative record. (Parker Aff., Ex. D ¶ 1.13.) The Defendants' interpretation of the SELTBP was irrelevant to our decision. Furthermore, the SELTBP was only one of three grounds on which this Court based its determination. Thus, even if this ground was improper, which it is not, the Court's decision would still stand.

  B. *Discrimination*

    Plaintiffs argue that it was arbitrary and capricious for the Committee to find that the SARS payments did not constitute "Compensation" under the plan because they were given only to executives and thereby were discriminatory. (Pls.' Mot. Reconsid. at 10; Parker Aff., Ex. D ¶ 1.13 (excluding "discriminatory" payments from the definition of Compensation.)) Plaintiffs reason that the claim for SARS payments was brought under the Equalization Benefit Plan which was incorporated into the Pension Plan and applied only to senior executives. Thus, Plaintiffs conclude, that SARS payments by their very nature were discriminatory but allowed under the Plan. (*Id.*) This argument, whatever its merits, was not addressed in Plaintiffs original opposition papers and thus, may not be raised in this motion. Furthermore, the Opinion on Reconsideration discussed other reasons why the Committee's interpretation of

"Compensation" was not arbitrary. *See Opinion on Reconsideration* at 8-9 (upholding the Committee's decision that the SARS payments were not separation payments and thus did not constitute "Compensation"). Accordingly, this Court reaffirms its decision granting Summary Judgment on Plaintiffs' fifth cause of action.

**II. The Third Cause of Action**

Plaintiffs' third cause of action sought two additional years of credited service pursuant to the 1998 Amendments to the Pension Plan. These Amendments expressly limited the benefit to employees "whose employment with the Company had not terminated as of December 31, 1998 . . ." (Parker Aff., Ex. S ¶ 2.)[4] Plaintiffs were terminated from Avis before this date, on or about January 31, 1997. (Defs.' Rule 56.1 Statement ¶¶ 1-2, 40, 48.)

Plaintiffs argue that the Court erred in dismissing this claim because it overlooked a number of definitions in the Pension Plan. (Pls.' Mot. Reconsid. at 11-13.) Plaintiffs claim, in essence, that they were "employed" by the Company in 1998 because they received "Stated Compensation", i.e. severance payments, until February 1999. However, Plaintiffs misread the definition of "Employee", which is limited to persons "employed by the Company *and* who receive[] stated compensation." (Parker Aff., Ex. D ¶ 1.17 (emphasis supplied).) The Committee found that Plaintiffs' termination in 1997 ended their

---

[4] This language was incorporated into the Pension Plan. (Parker Aff., Ex. S ¶ 2) (stating that the Board of Directors of Avis "shall have the power to modify or amend the Plan at any time in accordance with established rules of procedures."))

active employment and thus they were not entitled to credited service under the 1998 Plan Amendment. This Court held and continues to hold that this determination was not arbitrary and capricious. *See Opinion on Reconsideration* at 10-11.

In short, we rule again that the Committee's decision was not arbitrary and capricious but adequately founded after a fair and adequate review upon reason and common sense.

## **CONCLUSION**

Accordingly, for the foregoing reasons, Plaintiffs' motion for reconsideration is hereby **DENIED.**

**SO ORDERED**.

/S/_____
Thomas C. Platt, U.S.D.J.

Dated: Central Islip, New York
March 20, 2006